**Charles Thomas CORN, Petitioner-Appellee,**

v.

**Ralph KEMP, Warden, Jackson Diagnostic and Classification Center, Respondent-Appellant.**

No. 81–7649.

United States Court of Appeals, Eleventh Circuit.

Sept. 16, 1985.

Rehearing and Rehearing En Banc Denied Oct. 25, 1985.

Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Executive Asst. Atty. Gen., Don A. Langham, First Asst. Atty. Gen., John C. Walden, Sr. Asst. Atty. Gen., Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant.

Brooks S. Franklin, Atlanta, Ga., Harold A. Miller, III, Atlanta, Ga., Decatur, Ga., for petitioner-appellee.

Before HILL, HENDERSON and GARZA *, Circuit Judges.

BY THE COURT:

The petitioner-appellee, Charles Thomas Corn, was convicted of armed robbery and murder on May 26, 1976, in the Superior Court of Clayton County, Georgia, and was subsequently sentenced to death. Upon mandatory review of the death sentence in accordance with Ga.Code Ann. § 27–2537 (recodified as Off.Code Ga.Ann. 17–10–35), the Supreme Court of Georgia upheld the sentence of death for murder and suspend-

ed its imposition for the armed robbery conviction. 240 Ga. 130, 240 S.E.2d 694 (1977). Corn then sought habeas corpus relief in the state courts but was unsuccessful in his efforts.

After exhausting his state remedies, Corn filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Georgia. 28 U.S.C. § 2254. The case was assigned to a magistrate who conducted an evidentiary hearing. The magistrate then filed a report and recommended the denial of all of Corn's claims of constitutional error except one—that the trial court's instructions on malice and intent unconstitutionally shifted the burden of proof on those issues to the defendant. Upon review, the district court rejected this finding of the magistrate. The district court, however, granted the writ on the sole ground that the state trial judge impermissibly disclosed to the jury that Corn had the right to an automatic appeal of his death sentence to the Supreme Court of Georgia. The respondent, Walter Zant, appealed this holding to this court and Corn filed a cross-appeal from the denial of his other grounds for relief.

On June 15, 1983, we reversed the district court's conclusion that Corn suffered a constitutional deprivation when the trial judge informed the jury of Georgia's automatic appeal law. *Corn v. Zant,* 708 F.2d 549 (11th Cir.1983). We affirmed the remainder of the district court's order including the rejection of Corn's claim that the trial court's instructions on malice and intent impermissibly shifted the burden of proof. Corn's petition for rehearing and suggestion for rehearing *en banc* was denied on August 11, 1983.

Corn then petitioned the Supreme Court of the United States for a writ of certiorari. The petition was denied on May 29, 1984. — U.S. ——, 104 S.Ct. 2670, 81 L.Ed.2d 375 (1984). The mandate was issued by this court on May 31, 1984 and made the

* Honorable Reynaldo G. Garza, U.S. Circuit Judge for the Fifth Circuit, sitting by designa- tion.

judgment of the district court on June 20, 1984.

On June 25, 1984, Corn filed a petition for rehearing in the Supreme Court of the United States. On June 26, 1984, the Chief Judge of this court, acting *sua sponte,* recalled the mandate pending the disposition of three cases which were currently pending before the *en banc* court of this Circuit.[1] On August 2, 1984, the Supreme Court denied Corn's motion for a rehearing. —— U.S. ——, 105 S.Ct. 23, 82 L.Ed.2d 917 (1984).

On April 29, 1985, the Supreme Court held jury instructions including the following language to be unconstitutional:

> The acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted.

> [A] person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted.

*Francis v. Franklin,* —— U.S. ——, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). The instructions to the jury in Corn's trial were virtually identical to those held unconstitutional in *Franklin* and in this court's subsequent decisions in *Drake v. Kemp,* 762 F.2d 1449, 1452–53 (11th Cir.1985), and *Tucker v. Kemp,* 762 F.2d 1496, 1500 (11th Cir.1985).

On August 26, 1985, the State of Georgia moved this court to issue the mandate. This motion is presently pending before us. In light of the *Franklin, Drake* and *Tucker* decisions, it is clear that the jury instructions at issue violated Corn's constitutional rights.[2] Therefore, that portion of our prior decision relating to the burden shifting instruction must be vacated.

Accordingly, the motion of the respondent-appellant, Walter Zant, for issuance of the mandate is DENIED. That portion of our opinion in *Corn v. Zant,* 708 F.2d at 558–560, affirming the district court's denial of the writ based on the intent instruction is VACATED and the case is REMANDED to the district court with instructions to grant the writ unless the State of Georgia retries Corn within a reasonable time specified by that court.

---

1. *Drake v. Francis,* No. 83–8047; *Davis v. Zant,* No. 83–8044 and *Tucker v. Francis,* No. 83–8466.

2. In *Drake,* we held that the error can be harmless if 1) there is overwhelming evidence of the defendant's guilt or 2) the instruction concerned an element of the crime which was not at issue during the trial. We did not reach this issue in our previous opinion because the State failed to raise it. Even if it had been, the error in this case is clearly not harmless. We held in *Drake* that the evidence of *intent* must be overwhelming before an error can be deemed harmless. 762 F.2d at 1453. No such evidence exists in this case. Consequently, intent remains very much an issue.